**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| HASSON LINDSEY, | : | **Hon. Renée Marie Bumb** |
| Petitioner, | : | Civil No. 11-4621 (RMB) |
| v. | : | |
| J.T. SHARTLE, | : | **OPINION** |
| Respondents. | : | |

**APPEARANCES:**

    HASSON LINDSEY, #14616-067
    FCI Fairton
    P.O. Box 420
    Fairton, New Jersey  08320
    Petitioner Pro Se

    ELIZABETH ANN PASCAL, ASSISTANT UNITED STATES ATTORNEY
    PAUL J. FISHMAN, UNITED STATES ATTORNEY
    401 Market Street
    Camden, New Jersey  08101
    Attorney for Respondents

**BUMB**, District Judge:

    Petitioner Hasson Lindsey, an inmate at FCI Fairton in New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his projected release date by the Bureau of Prisons ("BOP").  The BOP filed an Answer seeking dismissal of the Petition, together with declarations and several exhibits.  Petitioner filed a motion for stay and abeyance of the Petition while he pursues relief before the Pennsylvania courts with respect to his Pennsylvania

sentence.  This Court will (1) deny Petitioner's motion for stay and abeyance, without prejudice to the filing of a new § 2241 petition, in the event that Lindsey obtains relief in the Pennsylvania courts and he thereafter exhausts administrative remedies before the BOP, and (2) dismiss the Petition because Petitioner has not shown that the BOP abused its discretion in calculating his projected release date.

## I.  BACKGROUND

The question before this Court is whether the BOP abused its discretion in denying Petitioner's request to *nunc pro tunc* designate the Pennsylvania facility as the place of incarceration during the 914-day period from October 3, 2007 (date of state arrest), through April 3, 2010 (date of expiration of Pennsylvania sentence).

Petitioner was arrested by Pennsylvania on October 3, 2007. On October 25, 2007, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a federal indictment charging Lindsey with various federal offenses.  See United States v. Lindsey, Crim. No. 07-0423 (JEJ) (M.D. Pa. filed Oct. 25, 2007).  Subsequent to the federal indictment, Lindsey appeared before the District Court on several occasions pursuant to a writ of habeas corpus ad prosequendum.  On March 29, 2010, Judge John E. Jones, III, sentenced Lindsey to a 120-month term of imprisonment after a jury convicted him of three counts,

Lindsey, Crim. No. 07-0423 at Dkt. 633, and Lindsey was returned to state prison.

On May 3, 2010, the Pennsylvania Court of Common Pleas of Northumberland County sentenced him to an aggregate term of 15 to 30 months in prison, to run concurrently with the federal sentence. (Dkt. 5-3 at 4 & 5-2 at 44.) On May 19, 2010, Pennsylvania authorities released Lindsey to the United States Marshal for service of his federal sentence.[1] Id. On May 27, 2010, the Court of Common Pleas entered an amended judgment which sentenced Lindsey to a term of 15 to 30 months, but did not order the sentence to run concurrently with the federal sentence. (Dkt. 5-4 at 34 &. 5-3 at 5.)

On June 9, 2010, the BOP calculated Lindsey's release date by commencing the 120-month term on May 19, 2010 (date state officials released Lindsey to federal custody), and giving Lindsay 45 days of prior custody credit from April 4, 2010 (day after expiration of Pennsylvania sentence) through May 18, 2010 (day before commencement of federal sentence). (Dkt. 5-3 at 5 & 5-2 at 6). After deducting projected good conduct time credit, the BOP established a projected release date of December 20, 2018. Id.

On August 30, 2010, Lindsey submitted an administrative remedy request to the BOP seeking *nunc pro tunc* designation from

---

[1] The 30-month sentence expired on April 4, 2010.

October 3, 2007, through April 3, 2010, for the time credited against his Pennsylvania sentence. (Dkt. 1 at 25.) The acting warden denied relief on September 9, 2010, and Lindsey timely appealed to the Regional Director. On October 21, 2010, Regional Director J. L. Norwood granted the appeal to the extent of forwarding Lindsay's request for *nunc pro tunc* designation to the Designation and Sentence Computation Center for determination. (Dkt. 5-2 at 13.) Lindsey appealed to the Central Office. On February 23, 2011, Harrell Watts, Administrator of National Inmate Appeals, denied the request for *nunc pro tunc* designation:

> This is in response to your Central Office Administrative Remedy Appeal in which you request that your federal sentence receive an additional 944 days of credit for time spent in state custody.
>
> Prior custody credit is governed by Title 18 U.S.C. § 3585(b), which prohibits the application of credit toward a federal sentence that was applied toward another sentence. We have reviewed your request pursuant to Barden v. Keohane, 921 F. 2d 476 (3d Cir. 1990) and according to the factors set forth in Title 18 U.S.C. § 3621(b), we have determined the relevant factors under the statute are (2), (3), (4). With respect to factor (2), the nature and circumstances of the offense; your instant federal offense is Conspiracy to Distribute and Possess with intent to Distribute at Least (50) Grams of Cocaine Base (Crack). You were sentenced on March 29, 2010, in the U.S. District Court for the Middle District of Pennsylvania to a 120-month term of imprisonment. On May 3, 2010, you were sentenced by the state court to a 30-month term of imprisonment for Aggravated Assault, Resisting Arrest, and Manufacture and Deliver a Controlled Substance.
>
> With respect to factor (3), the history and characteristics of the offender; your Presentence Investigation Report indicates you were convicted of

> Aggravated Assault, Injury to Law Enforcement, Manslaughter, and Disorderly Conduct.
>
> With respect to factor (4), the federal Judgment in a Criminal Case was silent regarding the relationship of the federal sentence to any impending state sentence. Based on the above, we have determined that a *nunc pro tunc* designation would not be consistent with the goals of the criminal justice system, and is not appropriate in your case.

(Dkt. 5-2 at 15.)

Lindsey filed this § 2241 Petition on August 10, 2011. He contends that the BOP abused its discretion and violated law in denying his request to *nunc pro tunc* designate a state facility as the place of federal confinement for the 914-day period from October 3, 2007, through April 3, 2010, pursuant to <u>Barden v. Keohane</u>, 921 F.2d 476 (3d Cir. 1991).

Respondents filed an Answer, together with two declarations and several exhibits, arguing that the Petition should be dismissed because the BOP did not violate federal law or abuse its discretion. In response, on November 28, 2011, Lindsey filed a motion to hold the Petition in abeyance. (Dkt. 6.) He states:

> The Amendment of petitioner's state sentence on May 26, 2010 - May 27, 2010 which seeks habeas relief based on illegal re-sentence was a <u>breach of the agreement.</u> Thus, making state courts wrongfully enter order, null and void.
>
> Petitioner pray this court none the less hold in Abeyance the Amended petition without prejudice until petitioner has exhausted all remedies available to resolve the respondents' "State court plea-related challenge." So petitioner can bring this claim properly before you.

(Dkt. 6 at 2.)

## II. DISCUSSION

A. Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition. See Blood v. Bledsoe, 648 F. 3d 203 (3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

B. Motion for Stay and Abeyance

Lindsey filed a motion for stay and abeyance of this Petition while he seeks relief in the Pennsylvania courts concerning the amended judgment of conviction which eliminated the prior judgment's running of the 15 to 30-month sentence

6

concurrently with the federal sentence.  This Court will deny Petitioner's motion and decide the case on the record as it stands.  In the event that the Pennsylvania courts modify Lindsey's Pennsylvania sentence in a way that might affect the computation of his federal sentence, nothing in this Opinion is intended to prevent Lindsey from again pursuing administrative relief before the BOP regarding the calculation of his federal sentence.

C.  Standard of Review

Insofar as the BOP reviewed Petitioner's request for *nunc pro tunc* designation, this Court's review is limited to the abuse of discretion standard.  See Galloway v. Warden of FCI Fort Dix, 385 Fed. App'x 59, 61 (3d Cir. 2010); Barden, 921 F. 2d at 478.  Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414 (1971), overruled on other grounds, Califano v. Sanders, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency,

7

and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one.  The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416.  Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

D.  Analysis

   (1) Relevant Statutes

   The United States Code specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence, see 18 U.S.C. § 3585(b).  Specifically, § 3585 provides, in relevant part:

> (a) **Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

>  (b) **Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
>  (1) as a result of the offense for which the sentence was imposed; or
>
>  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>  that has not been credited against another sentence.

18 U.S.C.A. § 3585 (a), (b).

Section 3621(b) gives the BOP the authority to designate the place of imprisonment once a federal sentence commences:

>  (b) **Place of imprisonment.**-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability. . . . , that the Bureau determines to be appropriate and suitable, considering--
>
>  (1) the resources of the facility contemplated;
>
>  (2) the nature and circumstances of the offense;
>
>  (3) the history and characteristics of the prisoner;
>
>  (4) any statement by the court that imposed the sentence [that articulated the purpose behind the sentence or offered a recommendation for placement] . . .
>  (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

9

(2) <u>Barden</u> Credit

The question is whether the BOP abused its discretion under <u>Barden</u> in denying *nunc pro tunc* designation for the 914 days from October 3, 2007 (date of state arrest), through April 3, 2010 (expiration of Pennsylvania sentence), where all of this time was credited to Lindsey's Pennsylvania sentence and § 3585(b) prohibits the BOP from granting prior custody credit for time credited against a state sentence.

In <u>Barden</u>, the state arrested Barden on April 28, 1975; on October 21, 1975, the federal court imposed a 20-year sentence; on November 12, 1975, the state court imposed a sentence of 11 to 30 years to run concurrently with the federal sentence; on December 15, 1986, the state paroled Barden to federal officials; and on February 12, 1987, Barden arrived at the federal facility. <u>See</u> <u>Barden</u>, 921 F. 2d at 478.

The BOP denied Barden's request for double credit to effectuate the intention of the state court that the state sentence would run concurrently with the federal sentence, on the ground that it lacked the statutory authority to *nunc pro tunc* designate the place of confinement as the state facility.  The Third Circuit granted Barden a writ of habeas corpus and remanded to the BOP, holding that the BOP mistakenly failed to recognize its discretion to *nunc pro tunc* designate a state facility under 18 U.S.C. § 3621(b) as a place of federal confinement (where the

10

inmate could gain credit against his federal sentence for time which the state court ordered to run concurrently with the federal sentence.) The Third Circuit explained its reasoning:

> We agree with Barden that the federal government has the statutory authority to make the *nunc pro tunc* designation Barden desires. On this record, Barden is entitled to a writ of habeas corpus to compel the Bureau to consider his case. We do not pass upon Barden's contention that he is entitled to a favorable exercise of the broad discretion the Federal Bureau of Prisons (Bureau) has in acting on his request. Instead, we hold only that the federal authorities have an obligation . . . to look at Barden's case and exercise the discretion [18 U.S.C. § 3621(b)] grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*. The answer to that question will depend on the Bureau's practice in making such designations, as well as its assessment of Barden's conduct in custody, the nature of his crime and all the other factors that govern penal authorities' consideration of a prisoner's request for relief from the strict enforcement of his sentence.

Barden, 921 F. 3d at 478 (footnote omitted).

In a footnote, the Third Circuit defined *nunc pro tunc*:

> The Latin phrase *nunc pro tunc* describes a doctrine that permits acts to be done after the time they should have been done with a retroactive effect – a Latin term meaning literally, "now for then." An act *nunc pro tunc* is an "entry made now of something actually previously done to have effect of former date, [previously] omitted through inadvertence or mistake." Black's Law Dictionary at 964 (5th ed. 1979).

Barden, 921 F. 3d at 478 n.2.

"In calculating a federal sentence, the BOP first determines when the sentence commenced and then determines whether the prisoner is entitled to any credits toward his sentence." Blood,

648 F. 3d at 207.  Pursuant to § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  18 U.S.C. § 3585(a). Here, the BOP determined that Lindsey's federal sentence commenced on May 19, 2010, the date he was taken into federal custody when he was released by Pennsylvania.  See 18 U.S.C. § 3585(a).  The BOP properly determined that, because the 45 days from April 4, 2010 (date of expiration of the Pennsylvania sentence) and May 18, 2010 (day before commencement of the federal sentence) was not credited against Lindsey's Pennsylvania sentence, § 3585(b) required the BOP to grant this time as prior custody credit against Lindsey's federal sentence.  However, because the 914 days from October 3, 2007 (date of arrest) and April 3, 2010, was credited to Lindsey's state sentence, the BOP determined that § 3585(b) does not permit it to grant prior custody credit against the federal sentence.

   The dispute focuses on whether the BOP abused its discretion under Barden in denying credit against Lindsey's federal sentence for this 914-day period, where Pennsylvania initially ordered the 30-month sentence to run concurrently with the federal sentence, but amended the judgment to delete concurrency.  It was not necessary in Barden for the Third Circuit to distinguish between

credit for time served in state custody *before* imposition of the federal sentence and *after* imposition of the federal sentence, but cases decided after Barden show that the date of imposition of the federal sentence is critical.

In United States v. Wilson, 503 U.S. 329, 333 (1992), decided two years after Barden, the Supreme Court emphasized that "the final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'" Similarly, in Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000), the Third Circuit ruled that § 3585(b) does not permit the BOP to grant credit against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial. Id. at 274 ("[A]s the BOP correctly argues, the law on this point is clear: a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction unless and until the first sovereign relinquishes jurisdiction over the prisoner").

As this Court found in Ciraolo, 2011 WL 4352570 at *7, the BOP has harmonized Barden with § 3585(b) by deeming the federal sentence to commence on the date of imposition, and effecting concurrency (when ordered by the state court) by *nunc pro tunc* designating the state facility as the place for service of a

13

federal sentence from that date forward. Thus, by commencing the federal sentence on the date it was imposed (rather than the date on which the state physically released the inmate) and *nunc pro tunc* designating the state facility as the place of imprisonment from that day forward, the BOP has the discretion to effect concurrency (when so ordered by the state) of the federal and state sentences to the extent possible, given that § 3685(b) prohibits BOP from granting prior custody credit for time credited against a state sentence *before* commencement of the federal sentence.

    For example, in <u>Rashid v. Quintana</u>, 372 Fed. App'x 260 (3d Cir. 2010), Rashid filed a § 2241 petition seeking credit under <u>Barden</u> against his federal sentence for the time he spent in state custody from the date of his state arrest (May 25, 1999) through the day before imposition of the federal sentence (October 22, 2000), arguing that the state court had ordered the state sentence to run concurrently with the federal sentence. The Third Circuit affirmed dismissal of the § 2241 petition challenging the refusal to designate the state facility for time served prior to imposition of the federal sentence on the rationale that "a federal sentence cannot begin to run earlier than on the date on which it is imposed." <u>Rashid</u>, 372 Fed. App'x at 262. Because the federal sentence could not commence under § 3584(a) before it was imposed, and because § 3585(b) prohibits

14

prior custody credit through a *nunc pro tunc* designation for time served *prior to commencement* of the federal sentence where that was credited against a state sentence, the Third Circuit found that the BOP lacked the power to count this time against Rashid's federal sentence. As the Third Circuit explained,

> Rashid's federal sentence was properly calculated as commencing on the date it was imposed. A federal sentence commences when the defendant is received by the Attorney General for service of his federal sentence. See 18 U.S.C. § 3585(a) . . . . As a result, a federal sentence cannot begin to run earlier than on the date on which it is imposed . . . . The BOP could not commence Rashid's federal sentence prior to [its imposition] on October 23, 2000.
>
> Finally, Rashid is not entitled to any [prior custody] credit against his federal sentence for the time spent in official detention prior to October 23, 2000, because 18 U.S.C. § 3585(b) prohibits this double credit.

Rashid, 372 Fed. App'x at 262 (citations omitted).

Similarly, in DeJesus v. Zenk, 374 Fed. App'x 245, 247 (3d Cir. 2010), the Third Circuit affirmed dismissal of the § 2241 petition seeking credit for time prior to imposition of the federal sentence, where this time was credited to the state sentence. The Third Circuit explained that, where a state sentence is imposed to run concurrently,

> the BOP will deem the federal sentence to commence on the date imposed, see 18 U.S.C. § 3585(a), and it will designate the state institution as the place for service of the federal sentence [from that date forward]. See 18 U.S.C. § 3621(b). The BOP properly

15

> followed that course here and began DeJesus' federal sentence on its date of imposition, thereby allowing him to serve the state and federal sentences concurrently from [the date of imposition of the federal sentence] forward. But De Jesus was not entitled to credit for time served in state custody prior to imposition of the federal sentence [because] all of DeJesus' time served prior to imposition of the federal sentence was credited to his state sentence. Under 18 U.S.C. § 3585(b), the BOP may not grant prior custody credit for time credited to another sentence.

DeJesus, 374 Fed. App'x at 247.[2]

In this case, all but six days (March 29, 2010, through April 3, 2010) of the disputed 914-day period (October 3, 2007, through April 3, 2010) was served *before* imposition of Lindsay's federal sentence on March 29, 2010. Thus, even if the BOP had exercised its discretion under Barden to grant Lindsey a *nunc pro tunc* designation, the BOP could have only given Lindsey six days by commencing his federal sentence on the date of imposition, and designating the Pennsylvania prison as the place of incarceration from March 29, 2010, through April 3, 2010 (date of expiration of Pennsylvania sentence).

In its final decision, the BOP denied Lindsey's request to commence his federal sentence on the date it was imposed and to

---

[2] See also Blood, 648 F. 3d at 208 ("In no case can a federal sentence of imprisonment commence [in accordance with § 3585(a)] earlier than the date on which it is imposed") (quoting BOP Program Statement 5880.28, Sentence Computation Manual (July 20, 1999), available at http://www.bop.gov/policy/progstat/5880_028.pdf, at 1-13.)

designate the Pennsylvania prison as the place for service of the federal sentence from March 29, 2010 (date of imposition of federal sentence), through April 3, 2010 (date of expiration of the Pennsylvania sentence).  Given that Pennsylvania amended its judgment to eliminate the order for concurrency, the rationale for a *nunc pro tunc* designation is diminished.  Lindsey has not shown that the BOP abused its discretion in denying his request to *nunc pro tunc* designate the Pennsylvania prison for this six-day period.  This Court will accordingly deny Lindsey's § 2241 Petition.

In the event that Pennsylvania modifies its judgment of conviction and again orders the Pennsylvania sentence to run concurrently with the federal sentence, nothing in this Opinion prevents Lindsey from submitting a new administrative remedy asking the BOP to grant a *nunc pro tunc* designation for this six-day period on the basis of the modified Pennsylvania sentence.

### III.  CONCLUSION

For the reasons set forth above, the Court denies the motion for stay and dismisses the Petition.


                              s/Renée Marie Bumb
                              **RENÉE MARIE BUMB**
                              **United States District Judge**


Dated: March 14, 2012